DELAPENHA *v.* UNITED STATES (No. 114). PEABODY *v.* UNITED STATES (No. 115.) [1]

STEM AND CARGO GINGER—SWEETMEATS.

Stem and cargo ginger does not lose its character as a sweetmeat when imported in bulk in casks, and when so imported was dutiable under paragraph 263, tariff act of 1897.

United States Court of Customs Appeals, November 30, 1910.

APPEAL from a decision of the Board of United States General Appraisers, G. A. 7018 (T. D. 30600).

[Affirmed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd,* Assistant Attorney General, for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers affirming an assessment of stem and cargo ginger as sweetmeats under paragraph 263 of the tariff act of 1897, the pertinent portion of which reads as follows:

Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem.

The ginger imported in these two cases was imported in bulk in casks, and is largely used for the manufacture of so-called glacé or crystallized ginger. The theory of the Government is that there is no substancial difference in character between ginger in casks and that imported in small crocks used as a sweetmeat, while the importers claim that in the condition in which it arrives it is unfit for consumption and should be considered a material from which the candied ginger is manufactured.

The importation consists of immature stems and roots of the ginger plant prepared while they are soft and succulent which can readily absorb the sirup in which they are preserved and packed.

The board found from the testimony of the witnesses and an inspection of the commodity that the ginger thus imported in casks is in fact edible, and also found that in some instances it is used as a sweetmeat in the condition in which it arrives. We think the conclusions of fact by the board are fully supported by the testimony and by an examination of the imported commodity represented by the sample produced in court. The evidence fairly establishes these facts, that the ginger in sirup when imported in jars is used and sold for table use as a sweetmeat; that cargo or stem ginger imported in casks is very similar to if not identical with jar ginger; that the cargo or stem ginger is used chiefly for the manufacture of crystallized ginger,

---

[1] Reported in T. D. 31116 (19 Treas. Dec., 1251).

which is accomplished by draining off the sirup and treating the stems with sugar; that the stems are used by confectioners in this manner, and the sirup drained off is also sold to manufacturers of cheap candy; and that in isolated cases cargo or stem ginger is sold to be retailed as a sweetmeat.

The evidence furnishes a reason why the cargo ginger is not sold generally as a sweetmeat, which is that a cask of ginger standing in a store is not a very tidy looking package. It is also apparent that the sale of this ginger imported in casks from the counter would involve the necessity of providing in the case of each individual sale a water-tight package to contain the ginger in its sirup. We may take judicial notice that business is not ordinarily thus conducted.

The claim on the part of the importer that this ginger when imported in bulk is fermented and unfit for consumption is not found supported by the weight of the testimony, which satisfies us that it is only when by casualty the sirup has leaked out that the process of fermentation takes place.

We have presented, then, a case in which what is admittedly a sweetmeat if imported in a certain kind of container is, when another container is used, applied in the main to different use, and the claim is made that it should be differently classified. If a substance be a sweetmeat in a jar it is difficult to see why that same substance is not a sweetmeat when in a larger package, whether it be devoted to use as a sweetmeat or applied to another and different use. If a different classification were allowed the door would be open wide to an easy evasion of the tariff law. The article is in substance and composition a sweetmeat.

The case of Schall v. United States (T. D. 26007; 147 Fed. Rep., 760; 154 Fed. Rep., 1005) is, we think, entirely in point. In that case the commodity under consideration was marrons, which are large chestnuts put up in sirup. They were most largely used in making glacé marrons, bonbons, and other confections by dipping and coating them with various substances. They were, however, susceptible of use as a sweetmeat without such treatment. The Board of General Appraisers with some hesitancy held that "sweetmeats," while not a word of commercial meaning, was meant to reach articles intended primarily for use as delicacies in their imported condition. On appeal, the Circuit Court reversed this holding, and held that the importation was dutiable under paragraph 263, which holding was affirmed by the Circuit Court of Appeals. The case can not be distinguished from the present.

The term "sweetmeat" is a broad one and is defined by some lexicographers as a "sweet thing to eat." Clearly this importation comes within this definition. If we were more doubtful about the correct classification of this importation, we should be strengthened in the

view which we have expressed by the fact that under four or five successive tariff acts, covering a period of 25 years at least, ginger, corresponding to that represented by the present importation, has paid duty as sweetmeats.

The decision of the Board of General Appraisers is affirmed.